**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN BRILEY                                                                                              PETITIONER
ADC #121521

v.                                                  No. 5:06CV00023 JLH

LARRY NORRIS, Director,
Arkansas Department of Correction                                                       RESPONDENT

**OPINION**

John Briley has filed a petition for writ of habeas corpus in which he seeks to set aside his conviction for possession of marijuana with intent to deliver. Because the petition is barred by the statute of limitations, it will be dismissed with prejudice.

**I.**

Briley was convicted by a jury in the Circuit Court of Pulaski County, Case No. 99-1375, on August 30, 2001. He was found to be an habitual offender and was sentenced to a term of twenty years imprisonment. His conviction was affirmed on direct appeal on February 12, 2003. *Briley v. State*, No. CACR 02-324, 2003 WL 294387 (Ark. Ct. App. Feb. 12, 2003). Briley could have filed a petition for rehearing or a petition for review but did not do so. The deadline for either petition was March 3, 2003. *See* ARK. R. SUP. CT. & CT. APP. 2-3; ARK. R. SUP. CT. & CT. APP. 2-4.

On March 20, 2003, Briley filed a petition in the Circuit Court of Pulaski County pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The circuit court denied the petition on August 20, 2003. Briley's notice of appeal was filed on October 20, 2003, well after the time had expired for filing a notice of appeal. *See* ARK. R. APP. P. CRIM. 2(a)(4). Briley moved for a belated appeal because, he alleged, he had mailed the notice of appeal to the clerk of the court on August 27,

2003, but the clerk failed to file it until October 20, 2003.  The Supreme Court of Arkansas held that Briley had the burden of proving that he had mailed the notice of appeal and that it had reached the circuit clerk by the date that it was due to be filed, and that he had failed that burden.  *Briley v. State*, No. CR 04-239, 2004 WL 743862, at *1 (Ark. Apr. 8, 2004).  Therefore, the court refused to accept his belated appeal.  *Id.* at *2.

On January 31, 2005, Briley filed a petition requesting the Supreme Court of Arkansas to reinvest jurisdiction in the Circuit Court of Pulaski County to consider a petition for writ of error coram nobis.  The Supreme Court of Arkansas denied the petition on March 10, 2005.  *Briley v. State*, No. CACR 02-324, 2005 WL 552455 (Ark. Mar. 10, 2005).  The supreme court denied Briley's petition for reconsideration on May 12, 2005.  *Briley v. State*, No. CACR 02-324, 2005 WL 1120244 (Ark. May 12, 2005).  Briley filed his petition for writ of habeas corpus here on February 3, 2006.

Magistrate Judge Beth M. Deere recommended that the Court dismiss Briley's petition because it is barred by the applicable statute of limitations and because Briley's claims are procedurally defaulted.  Briley filed timely objections to the recommended disposition.  Briley alleged that his legal files were seized by the Arkansas Department of Correction "to gain an unfair advantage over petitioner in this proceeding."  Briley asserted that, but for the seizure of his legal files, he could show that the Arkansas Department of Correction impeded his ability to submit the habeas corpus petition within the one-year period of limitation and that the Arkansas Department of Correction had caused the procedural default by impeding his ability to present his claims in state court.

The Court has made a de novo determination of the proposed findings to which Briley objects and has concluded that Briley's petition is time barred. Therefore, his petition will be dismissed with prejudice.

**II.**

Twenty-Eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted above, the Arkansas Court of Appeals affirmed on direct appeal on February 12, 2003. Briley had until March 3, 2003, within which to file a petition for rehearing or a petition for review. He did neither. Therefore, the period of limitations began to run on March 3, 2003. On March 20, 2003, Briley filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. That filing stopped the running of the period of limitations. Seventeen days elapsed between March 3, 2003, and March 20, 2003. Assuming, without deciding, that

Briley's petition for post-conviction review continued to be properly filed until the Supreme Court of Arkansas denied his motion for belated appeal, the period of limitations did not begin to run again until April 8, 2004. On January 31, 2005, Briley filed his petition to reinvest the circuit court with jurisdiction to consider a petition for writ of error coram nobis. A period of 298 days passed between April 8, 2004, and January 31, 2005. Assuming, without deciding, that the petition to reinvest jurisdiction was a properly filed petition for post-conviction or other collateral review and therefore stopped the running of the statute of limitations, the statute would have been tolled until Briley's petition for reconsideration was denied on May 12, 2005. Briley filed his petition for writ of habeas corpus in this Court on February 3, 2006. Between May 12, 2005, and February 3, 2006, 267 days elapsed. The chart below summarizes the calculations as to the time that elapsed between the date on which the judgment in Briley's conviction became final by the conclusion of direct review and the date on which he filed the instant petition, excluding all periods of time that could conceivably be excluded:

|  | | |
|---|---|---|
| | 17 days | March 3, 2003 (judgment becomes final) – March 20, 2003 (Rule 37 petition filed) |
| | 298 days | April 8, 2004 (belated appeal denied) – January 31, 2005 (petition to reinvest jurisdiction) |
| | 267 days | May 12, 2005 (petition for reconsideration denied) – February 3, 2006 (petition for writ of habeas corpus filed) |
| Total | 582 days | Net days elapsed from the date on which the judgment was final to the filing of the petition for writ of habeas corpus |

Thus, even assuming that Briley's Rule 37 petition continued to be a properly filed petition for post-conviction review until the Supreme Court of Arkansas denied his petition for belated appeal, and that his petition to reinvest the circuit court with jurisdiction to consider a petition for writ of error

4

coram nobis was a properly filed petition for post-conviction or other collateral review, the one-year period of limitations expired long before Briley filed his petition in this Court.

Briley complains that his legal materials were seized, but the seizure occurred on January 19, 2007, nearly one year after the present petition in this case was filed. The respondent has filed documents showing that Briley had left the legal files in the possession of another inmate, contrary to policies of the Arkansas Department of Correction. The other inmate was disciplined for possessing items that were contrary to policy. The documents further establish that on February 22, 2007, Briley and an officer named Frances Johnson went through his files and separated them into the active and inactive files. The inactive files were to be mailed home, but Briley refused to provide the requested mailing address so that the box could be mailed. Although Briley disputes some of the facts in those documents, he does not dispute the fact that he left his files in the possession of another inmate, contrary to the rules of the Arkansas Department of Correction. Indeed, Briley has attached to a motion filed in this action his Grievance Complaint Appeal #CU700126 stating that he was storing these items "in a friend[']s storage compartment 3 beds from mine until Cummins Unit property officer Mrs. Johnson collected these for storage." Document #20, Ex. A. This Court is unaware of any authority for the argument that it is unconstitutional for a prison to prohibit one inmate from storing another inmate's property.

Briley asserts that if he had his case files he could show that he previously filed in this Court a petition for writ of habeas corpus that was dismissed with instructions to exhaust his state remedies. He argues that his files pertaining to that earlier petition would show that the present petition is not time barred. The Court has reviewed the records of each of the seventeen actions commenced in this Court by Briley. The only habeas petition previously filed by Briley and

dismissed so that he could exhaust his administrative remedies was in *Briley v. Norris*, No. 5:02CV172 WRW (E.D. Ark.) (filed May 10, 2002). In that case, Briley's petition attacked his conviction in Pulaski County Circuit No. CR-01-114, a case in which he pled guilty on May 15, 2002, to possession of methamphetamine with intent to deliver and attempted manufacture of methamphetamine. The conviction at issue in case No. 5:02CV172 WRW was not the conviction at issue in this action. The present action is the first action that Briley has commenced in this Court attacking the validity of his conviction in Pulaski County Circuit No. 99-1375. Thus, this Court's records conclusively show that even if Briley had all of his files he could not show that he has previously filed a petition in this Court that tolled the period of limitations.

In sum, Briley apparently has had his legal files in his possession until January 19, 2007, so he had ample opportunity to present to this Court any information he wished to present. As the Court's file shows, he has filed a wealth of documents from his proceedings in state court. Although some of Briley's files were seized, the seizure occurred nearly a year after he commenced this action, and the materials were seized from another inmate who possessed them in violation of Arkansas Department of Correction rules. Briley knew that he could place excess materials in storage; he chose to have another inmate keep those excess materials, which violated the rules of the Arkansas Department of Correction. Most importantly, Briley does not explain what he could show if he had his legal files. Other than his demonstrably inaccurate statement that he previously filed a petition in this Court attacking his conviction in Pulaski County Circuit No. 99-1375, he provides no specific statements of what evidence he could present. Briley has failed to make a colorable showing that state action impeded his ability to file his petition for writ of habeas corpus. *Cf. Clark v. Oklahoma*,

468 F.3d 711, 714 (10th Cir. 2006); *Rambert v. Varner*, No. CIV.A. 01-2178, 2002 WL 1608225 (E.D. Pa. July 17, 2002).

## CONCLUSION

John Briley's petition for writ of habeas corpus is dismissed with prejudice because he failed to file his petition within the time prescribed in 28 U.S.C. § 2244(d). A judgment will be entered separately.

IT IS SO ORDERED this 11th day of June, 2007.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE